[No. 7514. Decided October 30, 1908.]

SEVERIN JOHNSON, *by his Guardian Ad Litem, Carl Runquist,*
*Appellant,* v. A. F. COATES LOGGING COMPANY,
*Respondent.*[1]

MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEG-
LIGENCE—OPERATION OF MACHINERY—EVIDENCE — SUFFICIENCY.  One
employed as a second loader in a logging camp, whose hand was in-
jured while pulling slack and unwinding line from the spool of a
donkey engine, is guilty of contributory negligence precluding any
recovery, where it appears, that it was obvious to one of his experi-
ence that there was danger in getting his hand caught in pulling
slack through the block if the line was held after it was reversed,
and he frankly admitted that he was paying no attention, and there
was ten feet of loose line at the time, giving him opportunity to let
go, or detach his glove caught on the line, in case he had been pay-
ing attention.

Appeal from a judgment of the superior court for Cheha-
lis county, Irwin, J., entered February 20, 1908, in favor of.
the defendant, upon granting a nonsuit, after a trial before
the court and a jury, in an action for personal injuries.  Af-
firmed.

*Govnor Teats,* for appellant.

*W. H. Abel* and *A. M. Abel,* for respondent.

HADLEY, C. J.—This is an action to recover damages for
personal injuries.  The plaintiff was employed by the de-
fendant as second loader in the defendant's logging camp.
He was more than twenty years old at the time of the acci-
dent.  He was born in Norway and came to America in 1902.
His answers to questions at the trial indicate a fair knowledge
of ordinary English.  After he came to America he worked in
a tannery at Racine, Wisconsin, for about eleven months.  He
afterwards worked in the iron mines where steam shovels
were used for hoisting purposes.  He worked as a sailor on the

[1]Reported in 97 Pac. 801.

Great Lakes for two summers, and also worked for thirteen months as a carpenter. He saw the hoisting machinery operated on the vessels where he worked on the Great Lakes. He had received a man's wages for his work for three years before the time of the accident. With this previous experience, he applied to the defendant for work, and stated that he had been working in the woods. He worked about the camp for six days when he was asked by the foreman to work as second loader. Some time before that he had a talk with a Scandinavian friend about the work of the second loader. One of his duties was to pull the line through a block, thereby unwinding the line from the spool of the donkey engine so as to furnish the head loader with sufficient slack line to coil or hitch around the logs which were to be rolled onto the car. While working there his hand was caught in the block, and three fingers crushed or cut off. At the trial the court granted the defendant's motion for nonsuit, and the plaintiff has appealed.

Appellant contends that the work was new to him, and that respondent failed to sufficiently instruct him. He says he was simply told to go and pull the slack. The situation was simple and in no manner complicated. It must have been obvious to one of his experience that, in pulling slack through the block, there was no danger in getting the hand caught in the block; but that if one should hold to the line after it was reversed, his hand would be brought into the block. He claims that the line, which was a steel wire rope, had jagged or sharp ends projecting from it on account of its worn condition, and that one of these pierced his glove and drew his hand into the block. There was conflict in the testimony submitted by appellant as to whether there were jaggers on the line or not, but in any event, adopting the view that they were there, the appellant frankly admits that he was paying no attention at the time, and he was apparently not thinking of the situation or of its surroundings. There was about ten feet of loose line at the time, and it seems conclusive that, if appel-

lant had not been indifferent to his surroundings, he might easily have removed his hand by either withdrawing the hand from the glove or by the detachment of the glove from the line. We think that his confessed inattention to the situation must be taken as contributory negligence, and that under such circumstances he cannot recover. The trial court personally observed the witness and heard his testimony in all particulars, and it having reached the above conclusion after a careful consideration of the testimony, we believe that the record discloses no sufficient reason why we should hold otherwise.

The judgment is therefore affirmed.

RUDKIN, MOUNT, CROW, and ROOT, JJ., concur.